# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE JAMES MALTA, | Case No.: 1:18-cv-0415 - JLT |
| Plaintiff, | ORDER REMANDING THE ACTION PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(g) |
| v. | |
| ANDREW M. SAUL[1], Commissioner of Social Security, | ORDER DIRECTING ENTRY OF JUDGMENT IN FAVOR OF PLAINTIFF JOE JAMES MALTA, AND AGAINST DEFENDANT ANDREW M. SAUL, COMMISSIONER OF SOCIAL SECURITY |
| Defendant. | |

Joe James Malta asserts he is entitled to a period of disability, disability insurance benefits, and supplemental security income under Titles II and XVI of the Social Security Act. Plaintiff argues the ALJ erred in evaluating the medical record and seeks judicial review of the administrative decision. Because the ALJ failed to apply the proper legal standards to determine Plaintiff was able to perform work in the national economy, the matter is **REMANDED** for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

## **BACKGROUND**

In December 2009, Plaintiff filed applications for benefits, in which he alleged disability beginning January 1, 2007. (*See* Doc. 7-9 at 1, 3) The Social Security Administration denied the applications at the initial level on October 6, 2010, and upon reconsideration on March 9, 2011. (Doc.

---

[1] This action was originally brought against Nancy A. Berryhill in her capacity as then-Acting Commissioner. Andrew M. Saul, the newly appointed Commissioner, has been automatically substituted. *See* Fed. R. Civ. P. 25(d).

1

7-6 at 4-8, 12-16) Plaintiff requested a hearing and testified before an ALJ on August 19, 2011. (*See* Doc. 7-3 at 56; Doc. 7-5 at 12) The ALJ determined Plaintiff was not disabled under the Social Security Act and issued an order denying benefits on November 2, 2011. (Doc. 7-5 at 12-24) Plaintiff filed a request for review of the decision with the Appeals Council, which granted the request on September 21, 2012. (*Id.* at 31; Doc. 7-6 at 63)

The Appeals Council determined the ALJ erred in finding Plaintiff's degenerative disc disease was not a severe impairment. (Doc. 7-6 at 31) In addition, the Appeals Council observed the ALJ failed to "provide adequate rationale" for the determination that Plaintiff's "depression, anxiety and history of polysubstance abuse are non-severe impairments and that the claimant has mild limitations in activities of daily living, social functioning, and concentration, persistence or pace." (*Id.*) The Appeals Council found the ALJ failed to acknowledge that "the Veteran's Administration (VA) assigned an evaluation of 70% for occupational and social impairment based on depression." (*Id.*) The Appeals Council also identified significant evidence from the VA discussing Plaintiff's diagnoses with post-traumatic stress disorder, depression, alcohol dependence, and treatment. (*Id.* at 31-33) Consequently, the Appeals Council concluded Plaintiff had "one or more severe mental impairments" and "[f]urther evaluation of the nature, severity and limiting effects of the claimant's mental impairment(s) [was] necessary." (*Id.* at 33) Therefore, the Appeals Council directed the ALJ to obtain additional evidence regarding Plaintiff's mental impairments, further evaluate the mental impairments and Plaintiff's residual functional capacity, and "obtain supplemental evidence from a vocational expert to clarify the effect of the assessed limitations on the claimant's occupational base." (*Id.* at 34)

Plaintiff testified at a second administrative hearing on August 8, 2013. (Doc. 7-4 at 3; Doc. 7-5 at 39-52) The ALJ determined Plaintiff's severe impairments included degenerative disc disease of the lumbar spine, diabetes, affective disorder, and alcohol dependence. (Doc. 7-5 at 42) The ALJ issued a partially favorable decision, finding Plaintiff was disabled beginning September 1, 2012. (*Id.* at 50-52) However, the ALJ concluded Plaintiff was not disabled during the period of January 1, 2007 through August 31, 2012, and as a result Plaintiff did not show he was disabled prior to his date last insured of December 31, 2009. (*Id.* at 52) Plaintiff's request for review of this determination was granted by the Appeals Council on March 27, 2015. (*Id.* at 59)

The Appeals Council vacated "both the favorable and unfavorable portions of the hearing decision," and finding the ALJ failed to explain findings related to Plaintiff's "deficit in concentration, persistence, or pace" and resolve conflicts in the evidence related to Plaintiff's mental impairments and his persistence. (*Id.* at 60-61) Therefore, the Appeals Council remanded the action for an ALJ to "[f]urther evaluate the claimant's mental impairments in accordance with the special technique described in 20 CFR 404.1520a and 416.902a," review the subjective complaints and medical record, and obtain additional evidence regarding Plaintiff's impairments. (*Id.* at 62) In addition, the Appeals Council directed that the case be assigned to a new ALJ upon remand. (*Id.*)

Plaintiff testified at a third hearing on November 15, 2016. (Doc. 7-4 at 37) A supplemental hearing was held on December 1, 2016, at which time the ALJ also obtained testimony from a medical expert and vocational expert. (*See* Doc. 7-3 at 32) The ALJ issued a partially favorable decision on April 18, 2017. (Doc. 7-3 at 27-45) The ALJ determined Plaintiff "was not disabled prior to September 1, 2012, but became disabled on that date and ... continued to be disabled through the date of [the] decision." (*Id.* at 45) The Appeals Council denied Plaintiff's request for review of this decision on January 26, 2018. (*Id.* at 2-5) Therefore, the ALJ's determination that Plaintiff was not disabled prior to September 1, 2012 became the final decision of the Commissioner of Social Security.

**STANDARD OF REVIEW**

District courts have a limited scope of judicial review for disability claims after a decision by the Commissioner to deny benefits under the Social Security Act. When reviewing findings of fact, such as whether a claimant was disabled, the Court must determine whether the Commissioner's decision is supported by substantial evidence or is based on legal error. 42 U.S.C. § 405(g). The ALJ's determination that the claimant is not disabled must be upheld by the Court if the proper legal standards were applied and the findings are supported by substantial evidence. *See Sanchez v. Sec'y of Health & Human Serv.*, 812 F.2d 509, 510 (9th Cir. 1987).

Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197 (1938)). The record as a whole must be considered, because "[t]he court must consider both evidence that supports and evidence that

detracts from the ALJ's conclusion." *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985).

## DISABILITY BENEFITS

To qualify for benefits under the Social Security Act, Plaintiff must establish he is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment that has lasted or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. § 1382c(a)(3)(A). An individual shall be considered to have a disability only if:

> his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work, but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 1382c(a)(3)(B). The burden of proof is on a claimant to establish disability. *Terry v. Sullivan*, 903 F.2d 1273, 1275 (9th Cir. 1990). If a claimant establishes a prima facie case of disability, the burden shifts to the Commissioner to prove the claimant is able to engage in other substantial gainful employment. *Maounis v. Heckler*, 738 F.2d 1032, 1034 (9th Cir. 1984).

## ADMINISTRATIVE DETERMINATION

To achieve uniform decisions, the Commissioner established a sequential five-step process for evaluating a claimant's alleged disability. 20 C.F.R. §§ 404.1520, 416.920(a)-(f). The process requires the ALJ to determine whether Plaintiff (1) engaged in substantial gainful activity during the period of alleged disability, (2) had medically determinable severe impairments (3) that met or equaled one of the listed impairments set forth in 20 C.F.R. § 404, Subpart P, Appendix 1; and whether Plaintiff (4) had the residual functional capacity to perform to past relevant work or (5) the ability to perform other work existing in significant numbers at the state and national level. *Id.* The ALJ must consider testimonial and objective medical evidence. 20 C.F.R. §§ 404.1527, 416.927.

**A.  Administrative Hearing Testimony**

Vocational expert Thomas Reed testified at the administrative hearing held on December 1, 2016. (Doc. 7-3 at 32) The ALJ noted Plaintiff's past relevant work had been classified under the *Dictionary of Occupational Titles* as: fast food worker, DOT 311.427-010; radio repairer, DOT 720.281-010; outside deliverer, DOT 230.663-010; cable installer repairer, DOT 821.361-010;

construction worker, DOT 869.664-010; termite exterminator, DOT 383.364-010; and diesel mechanic, DOT 625.281-010.[2] (*Id.* at 80-81) The VE agreed with each of these classifications of Plaintiff's past relevant work based upon his review of the record. (*Id.* at 81)

The ALJ asked the VE to "assume an individual who [was] 40 at onset, currently 50, has a high school education and has the past work as ... just outlined." (Doc. 7-4 at 81) The ALJ also indicated:

> [T]he individual has the residual functional capacity to perform light work, except the individual can sit for 60 minutes at a time for a total of six to eight hours. Can stand and walk for up to 30 minutes at a time, for a total of six out of eight hours. May occasionally stoop, may frequently crouch, crawl, and kneel, cannot work from heights or climb ladders, ropes, or scaffolds. And is limited to simple and repetitive work with no interaction with the public, only occasional interaction with supervisors and coworkers.

(*Id.*) The VE opined a person with these limitations would not be able to perform Plaintiff's past relevant work. (*Id.*) However, the VE opined "such a person could be employed" in other work, including packaging machine operator, DOT 920.685-082; electrical assembly work, DOT 729.687-010; and trim assembler, DOT 692.685-230. (*Id.* at 82)

Next, the ALJ asked the VE to consider an individual with the same limits, who could have "less than occasional contact with coworkers and supervisors." (Doc. 7-4 at 82) The VE explained this level of contact was not found in the *Dictionary of Occupational Titles*, and the contact would be classified as "never" under the *DOT*. (*Id.*) The VE testified with a limitation to no contact with coworkers and supervisors, "such a person is clearly unemployable because employable requires that a person be able to function within a standard work environment which means that you [are] in the presence of other employees even if you're not interacting with them." (*Id.*) He also noted that "you certainly have to have contact with a supervisor or employer in order to understand and respond." (*Id.*) Therefore, the VE concluded the hypothetical individual "would be unemployable." (*Id.* at 83)

**B.  The ALJ's Findings**

Pursuant to the five-step process, the ALJ determined Plaintiff did not engage in substantial gainful activity since his alleged onset date. (Doc. 7-3 at 35) Second, the ALJ found Plaintiff had the

---

[2] The *Dictionary of Occupational Titles* ("*DOT*") by the United States Dept. of Labor, Employment & Training Admin., may be relied upon "in evaluating whether the claimant is able to perform work in the national economy." *Terry v. Sullivan*, 903 F.2d 1273, 1276 (9th Cir. 1990). The DOT classifies jobs by their exertional and skill requirements and may be a primary source of information for the ALJ or Commissioner. 20 C.F.R. § 404.1566(d)(1)

5

following severe impairments: diabetes mellitus, degenerative disc disease of the lumbar spine, affective disorder, and alcohol dependence. (*Id.*) At step three, the ALJ found Plaintiff's impairments did not meet or medically equal a Listing. (*Id.*) In making this finding, the ALJ considered "the disability regulations for evaluating mental disorders and in the mental disorders listings in 20 CFR, Part 404, Subpart P, Appendix 1."[3] (*Id.*) Specifically, the ALJ found Plaintiff had "mild limitations in understanding, remembering, or applying information;" "moderate limitations in interacting with others;" "moderate limitations in concentrating, persistence, or maintaining pace;" and "mild limitations in adapting or managing oneself." (*Id.*)

Next, the ALJ determined:

> [P]rior to September 1, 2012, the date the claimant became disabled, the claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he may sit for 60 minutes at a time for a total of 6 of 8 hours; may stand and walk for up to 30 minutes at a time for up to 6 of 8 hours; may occasionally stoop; frequently crouch, crawl, and kneel; cannot work from heights, or climb ladders, ropes or scaffolds; and is limited to simple and repetitive work with no interaction with the public and only occasional interaction with supervisors and coworkers.
>
> ...
>
> [B]eginning on September 1, 2012, the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he may sit for 60 minutes at a time for a total of 6 of 8 hours; may stand and walk for up to 30 minutes at a time for up to 6 of 8 hours; may occasionally stoop; frequently crouch, crawl, and kneel; cannot work from heights, or climb ladders, ropes or scaffolds; and is limited to simple and repetitive work with no interaction with the public and *less than* occasional interaction with supervisors and coworkers.

(Doc. 11-3 at 35-36, 41) (emphasis in original). With this residual functional capacity, the ALJ found at step four that Plaintiff "has been unable to perform any past relevant work" since the onset date of January 1, 2007. (*Id.* at 42)

At step five, the ALJ determined that prior to September 1, 2012, "there were jobs that existed in significant numbers in the national economy that the claimant could have performed," including packing machine operator, electrical accessory assembler, and light assembler. (Doc. 7-3 at 43) The ALJ concluded that as of September 1, 2012, there were no jobs in the national economy that Plaintiff

---

[3] Revisions to the Regulations regarding mental impairments, effective January 17, 2017, resulted in new paragraph B criteria. *See* 81 Fed. Reg. 66138-01, 2016 WL 5341732 at *661676 (Sept. 26, 2016). Thus, the Regulations in effect changed while Plaintiff's application was pending before the Social Security Administration.

could perform. (*Id.* at 44) Therefore, the ALJ concluded Plaintiff "was not under a disability within the meaning of the Social Security Act at any time through December 31, 2009, the date last insured;" but he became disabled on September 1, 2012 "and continued to be disabled through the date of [the] decision." (*Id.*)

## DISCUSSION AND ANALYSIS

Plaintiff argues that the ALJ erred in evaluating the record— including testimonial and medical evidence— related to his limitations prior to September 1, 2012. (*See generally* Doc. 14 at 12-20) He contends the ALJ erred in questioning the vocational expert and relying upon the testimony to find he was able to work. (*Id.* at 20) The Commissioner argues the hypothetical posed to the vocational expert "accurately reflected Plaintiff's limitations," and the ALJ's "decision was supported by substantial evidence and free of reversible legal error." (Doc. 15 at 12, 14)

### A.     The Residual Functional Capacity and VE Testimony

A claimant's residual functional capacity is "the most [a claimant] can still do despite [his] limitations." 20 C.F.R. §§ 404.1545(a), 416.945(a); *see also* 20 C.F.R. Part 404, Subpart P, Appendix 2, § 200.00(c) (defining an RFC as the "maximum degree to which the individual retains the capacity for sustained performance of the physical-mental requirements of jobs"). In formulating an RFC, the ALJ weighs medical opinions and the claimant's credibility. *See, e.g., Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1226 (9th Cir. 2009). Further, the ALJ must consider "all of [a claimant's] medically determinable impairments," whether severe or not, when assessing an RFC. 20 C.F.R. §§ 404.1545(a)(2), 416.945(a)(2).

Plaintiff observes found "moderate limitations in concentration, persistence, or pace," though these were not specifically identified in the RFC. (Doc. 14 at 19) Plaintiff contends the ALJ erred in questioning the vocational expert because the question posed said "nothing about [his] ability to concentrate over a period of time, persist at particular tasks, or maintain a particular pace over the course of a workday or workweek." (*Id.* at 20) Plaintiff argues, "A hypothetical question that does not accurately describe moderate limitations in concentration, persistence, or pace is reversible error." (*Id.*, citing *Brink v. Comm'r of Soc. Sec. Admin.*, 343 Fed. App'x. 211 (9th Cir. 2009))

In response, the Commissioner argues that "the ALJ did not find that Plaintiff had moderate

7

limitations in interacting with others and moderate limitations in concentration, persistence, or pace as part of her RFC assessment; therefore, there was no inconsistency between her RFC assessment and the hypothetical to the VE [in] limiting Plaintiff to simple and repetitive work." (Doc. 15 at 12) The Commissioner acknowledges that "the ALJ did find that Plaintiff had moderate limitations in concentration, persistence, or maintaining pace," but contends "this finding relates only to the analysis of the 'B' criteria of the listings at step three of [the] sequential evaluation process as to whether the severity of the impairment meets or equals the criteria of an impairment listed under Appendix 1." (*Id.*) The Commissioner contends Plaintiff's reliance upon *Brink* is misplaced, and the ALJ was not required to incorporate Plaintiff's "moderate" difficulties in concentration, persistence, and pace in the RFC or the hypothetical posed to the vocational expert. (*Id.*, citing *Bennett v. Colvin*, 202 F.Supp.3d 1119 (N.D. Cal. 2016))

In *Bennett*, the Central District noted that "a moderate deficit in concentration, persistence, or pace need not necessarily be reflected explicitly in an RFC." *Id.*, 202 F.Supp.3d at 1126 (citing *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1173 (9th Cir. 2008)). The court observed: "In *Stubbs-Danielson*, the plaintiff argued that the RFC limiting plaintiff to 'simple, routine, repetitive sedentary work, requiring no interaction with the public' did not capture the deficiency in pace identified by medical testimony in the record." *Id.* The Ninth Circuit determined "the ALJ properly translated the plaintiff's diagnosis by limiting her to "simple tasks," and held "an ALJ's assessment of a claimant adequately captures restrictions related to concentration, persistence, or pace where the assessment is consistent with restrictions identified in the medical testimony." *Id.* (quoting *Stubbs-Danielson*, 539 F.3d at 1174) Finding "significant medical evidence" that Bennett was capable of "unskilled" work, the Central District concluded the ALJ did not err with limiting the claimant to "simple, repetitive tasks." *Id.* at 1127-1128.

Significantly, the Ninth Circuit has distinguished *Stubbs-Danielson*, the case on which *Bennett* relies, and determined there is error where the ALJ finds a claimant has moderate limitations in concentration, persistence, or pace, yet fails to incorporate these limits in a hypothetical posed to a vocational expert. *See, e.g.*, *Brink*, 343 Fed. App'x at 212-13; *Lubin v. Comm'r of Soc. Sec. Admin.*, 507 Fed. App'x 709, 712 (9th Cir. 2013) ("Although the ALJ found that Lubin suffered moderate

8

difficulties in maintaining concentration, persistence, or pace, the ALJ erred by not including this limitation in the residual functional capacity determination or in the hypothetical question to the vocational expert.").

In *Brink*, the Ninth Circuit observed that—in contrast to *Stubbs-Danielson*— the ALJ "accepted medical evidence that Brink [had] moderate difficulty maintaining concentration, persistence, or pace." *Brink*, 343 Fed. App'x at 212. However, the "hypothetical question to the vocational expert referenced only 'simple, repetitive work,' without including limitations on concentration, persistence or pace." *Id.* The Court determined "[t]his was error." *Id.* In so finding, the Court rejected the Commissioner's argument that "the phrase 'simple, repetitive work' encompasses difficulties with concentration, persistence, or pace." *Id.* The Court explained: "The hypothetical question to the vocational expert should have included not only the limitation to 'simple, repetitive work,' but also Brink's moderate limitations in concentration, persistence, or pace." *Id.* Therefore, the Court remanded the matter for the ALJ to "clarify his hypothetical and determine whether Brink [was] able to perform gainful employment in the national economy." *Id.* at 213.

Following *Brink*, this Court has repeatedly determined that restriction to simple, repetitive tasks in the RFC or hypothetical to a vocational expert does not adequately incorporate an ALJ's conclusion that a claimant has moderate limitations in concentration, persistence, or pace at step three. *See, e.g.*; *Costa v. Colvin*, 237 Soc. Sec. Rep. Service 613, 2017 WL 117944 at *4-5 (E.D. Cal. Jan. 10, 2017) (finding error where "the ALJ found at step 3 of the sequential evaluation that the medical evidence of record established that plaintiff in fact had moderate difficulties in maintaining concentration, persistence or pace," yet "the ALJ did not include that limitation in the hypothetical question to the VE or in the ALJ's RFC determination"); *Culpepper v. Berryhill*, 2017 WL 6594640, at *12 (E.D. Cal. Dec. 26, 2017) ("the ALJ himself found, at Step Three of the disability determination process, that Plaintiff had 'moderate difficulties' in these areas, but determined that Plaintiff's only mental limitation was to 'jobs involving simple, routine, and repetitive tasks". Under the reasoning in *Brink*, such a determination was in error," and it was not harmless because the "erroneous RFC determination to formulate hypotheticals posed to the VE" [citations omitted]); *Duong v. Astrue*, 2012 WL 3648006, at *5 (E.D. Cal. Aug. 22, 2012) (finding an RFC that limited the claimant to "simple, repetitive work"

failed to incorporate limitation in concentration, persistence, and pace that ALJ had accepted).

Because the ALJ concluded at step three that the evidence established Plaintiff had "moderate limitations in concentrating, persisting, or maintaining pace," the facts before the Court are similar to those considered by the Ninth Circuit in *Brink*. The ALJ erred in limiting the hypothetical to only "simple and repetitive work," and not identifying Plaintiff's limitations with concentration, persistence, or pace in the questions posed to the vocational expert or the residual functional capacity. *See Brink*, 343 Fed. App'x at 212-13; *Lubin,* 507 Fed. App'x at 712 (9th Cir. 2013); *see also Newton v. Chater*, 92 F.3d 688, 695 (8th Cir. 1996) (holding a limitation to simple jobs did not adequately represent a deficiency in concentration, persistence or pace).

**B      Remand is Appropriate**

The decision whether to remand a matter pursuant to sentence four of 42 U.S.C. § 405(g) or to order immediate payment of benefits is within the discretion of the district court. *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). Except in rare instances, when a court reverses an administrative agency determination, the proper course is to remand to the agency for additional investigation or explanation. *Moisa v. Barnhart*, 367 F.3d 882, 886 (9th Cir. 2004) (citing *INS v. Ventura*, 537 U.S. 12, 16 (2002)). Generally, an award of benefits is directed when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). In addition, an award of benefits is directed where no useful purpose would be served by further administrative proceedings, or where the record is fully developed. *Varney v. Sec'y of Health & Human Serv.*, 859 F.2d 1396, 1399 (9th Cir. 1988).

The ALJ erred by failing to address Plaintiff's moderate limitations with concentration, persistence, or pace in the hypothetical questions posed to the vocational experts, who must consider "all of the claimant's impairments." *See Tackett v. Apfel*, 180 F.3d 1094, 1101 (9th Cir. 1999); *see also Brink*, 343 Fed. App'x at 212-13; *Lubin,* 507 Fed. App'x at 712. As a result, the ALJ's findings at step five that Plaintiff was able to perform work in the national economy prior to September 1, 2012 are not supported by substantial evidence. Further proceedings are appropriate for the ALJ to obtain proper

testimony from a vocational expert regarding Plaintiff's moderate limitations with concentration, persistence, and pace during the relevant period. *See id.*

**CONCLUSION AND ORDER**

For the reasons set forth above, the Court finds the ALJ failed to apply the correct legal standards in obtaining testimony from the vocational expert, and the determination that Plaintiff was not disabled from January 1, 2007 to September 1, 2012, is not supported by substantial evidence. Consequently, the Court cannot uphold the ALJ's decision. *See Sanchez*, 812 F.2d at 510. Because the Court finds remand is appropriate on these grounds, it offers no findings on the remaining issues presented in Plaintiff's opening brief. Accordingly, the Court **ORDERS**:

1. The matter is **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this decision; and
2. The Clerk of Court **IS DIRECTED** to enter judgment in favor of Plaintiff Joe James Malta, and against Defendant, Andrew M. Saul, Commissioner of Social Security.

IT IS SO ORDERED.

Dated: **August 30, 2019**  /s/ Jennifer L. Thurston
UNITED STATES MAGISTRATE JUDGE