UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE JAMES MALTA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　Defendant. | Case No. 1:18-cv-00415-CDB<br><br>ORDER DENYING WITHOUT PREJUDICE MOTION FOR ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(b)<br><br>ORDER REQUIRING THE COMMISSIONER TO FILE A STATEMENT OF OPPOSITION/NON-OPPOSITION<br><br>(Doc. 21) |

　　　　Pending before the Court is the motion of Young Bin Yim ("Counsel") of Charles E. Binder & Harry J. Binder, LLP, attorney for Joe James Malta ("Plaintiff"), for the award of attorney's fees (the "Motion") pursuant to 42 U.S.C. § 406(b), filed April 19, 2024.  (Doc. 21). The Motion seeks an award of fees in the amount of $43,974.00, for representing Plaintiff in this action.  While the Commissioner of Social Security ("Defendant" or "Commissioner") is required under the Local Rules of this Court to timely file an opposition or statement of non-opposition in the role of a trustee for the Plaintiff, Defendant did not file any statement in response to the Motion.[1]  For the reasons set forth below, the court denies the Motion without prejudice.

---

[1] Both parties have consented to the jurisdiction of a magistrate judge for all proceedings in this action, in accordance with 28 U.S.C. § 636(c)(1).  (Docs. 4, 6).

1          Under § 406(b), the Court may allow "a reasonable fee for [] representation, not in excess
2  of 25 percent of the … past-due benefits" awarded to a claimant.  42 U.S.C. §406(b)(1)(A).
3  Where counsel files a motion for fees in an action for social security benefits, counsel must
4  provide a statement showing that a copy of the motion was sent to the claimant. 20 C.F.R. §
5  404.1725(a)(7); *see Holder v. Astrue*, No. CIV 05-3521-PHX-RCB, 2009 WL 1363538, at *3 (D.
6  Ariz. May 7, 2009) ("There is no question but that, when making section 406(b) applications, as
7  here, attorneys are required to give notice to their clients as to the existence of such application."
8  (internal quotation marks omitted).  Thus, courts evaluating applications for attorney's fees in
9  social security disability cases have required proof of service on the plaintiff.  *See, e.g., Atkins v.*
10 *Astrue*, No. C 10-0180 PJH, 2012 WL 5350265, at *5 (N.D. Cal. Oct. 29, 2012) (finding
11 counsel's failure to notify Plaintiff of the motion for attorney's fees, along with counsel's failure
12 to provide the court with a notice of award that sets forth the cumulative total of past-due benefits
13 awarded, were "deficiencies" supporting the Court's denial of attorneys' fees).
14         Neither the Motion nor accompanying declaration drafted by Attorney Yim provide any
15 evidence that Plaintiff was provided a copy of the Motion, nor do they suggest that such service
16 was attempted. Although "[i]n the vast majority of cases there will … be no disagreement
17 between" a claimant and their attorneys as to fees under § 406(b), "[b]asic fairness requires that
18 when an attorney claims to be entitled money that would otherwise go to that attorney's client, the
19 attorney should be required to notify the client of the claim." *Robinson v. Sec'y of Health, Educ.*
20 *& Welfare*, 456 F. Supp. 876, 878 (E.D. Mich. 1978); *see Bridget M. v. Kijakazi*, No. EDCV 19-
21 1497-KK, 2022 WL 18142562, at *1-2 (C.D. Cal. Sept. 12, 2022) (finding unsworn declaration
22 that a letter was sent to a claimant notifying her of pending motion for attorneys' fees
23 insufficient); *Jefferies v. Comm'r of Soc. Sec. Admin.*, No. CV-19-02381-PHX-MTL, 2021 WL
24 108431, at *1 (D. Ariz. Feb. 9, 2021) (denying motion for fees where proof of service was not
25 submitted and nothing on the motion indicated that the claimant received notice of a pending
26 motion for fees).
27         Because the Court is not aware of any information as to whether the Motion was served on
28 Plaintiff, Counsel's motion for attorney's fees is denied without prejudice.  Any renewed motion

for attorney's fees present proof that Plaintiff was served with a copy of the motion, any supporting memorandum of law, and all necessary supporting documentations, including a copy of the fee agreement, and a notice of his ability to respond to the Motion.

The Court separately notes that nothing in the Motion or attachments specifies the cumulative total of past due benefits awarded to Plaintiff.  In his declaration, Attorney Young attests he did not receive notice of the cumulative total of past benefits awarded and instead learned about the $43,974.00 in withheld fees through a telephone call with the Social Security Administration.  (Doc. 21-4 ¶8).  The declaration is corroborated by an attached notice from the Social Security Administration, which specifies the amounts paid for each specific period but does not specify the cumulative amount of past-due benefits owed or the total amount of withheld fees. *See* (Doc. 21-5, Ex. C).  The Court is unable to determine the reasonableness of the attorney's fees sought without knowing the net benefits owed with certainty. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002) (holding that factors for determining the reasonableness of fees include, among other things, the character of the attorney's representation, and whether the accumulation of benefits is large in comparison to the amount spent by counsel on the case.).

To have the benefit of the Commissioner's position regarding the fees requested, the Court will order the Commissioner to file a statement of opposition/non-opposition which specifically addresses thee issues related to the cumulative total of past benefits owed and the proper amount of withheld fees within seven days of Counsel for Plaintiff's filing of any renewed motion for attorney's fees,. *See* E.D. Cal. L.R. 230.

**Conclusion and Order**

Accordingly, it is HEREBY ORDERED

1. Counsel for Plaintiff's motion for award of attorney's fees pursuant to 42 U.S.C. § 406(b) (Doc. 21) is DENIED without prejudice.
2. Counsel for Plaintiff is directed to file any renewed motion for award of attorney's fees the remedies the deficiencies identified herein within **21 days** of the date of service of this Order.

3. The Commissioner is directed to file a statement of opposition/non-opposition within **7 days** of the filing of any renewed motion by Counsel for Plaintiff.

IT IS SO ORDERED.

Dated:   **June 27, 2024**

UNITED STATES MAGISTRATE JUDGE