UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE JAMES MALTA,<br><br>  Plaintiff,<br><br>  v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>  Defendant. | Case No. 1:18-cv-00415-CDB<br><br>ORDER GRANTING PLAINTIFF'S MOTION AND AWARDING ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(b)<br><br>(Doc. 25) |

Pending before the Court is the renewed motion by Young Bin Yim of Charles E. Binder & Harry J. Binder, LLP ("Counsel"), attorney for Plaintiff Joe James Malta ("Plaintiff"), for the award of attorney's fees (the "Motion") pursuant to 42 U.S.C. § 406(b), filed July 2, 2024. (Doc. 25). The Motion seeks attorney's fees in the amount of $43,974.00, for representing Plaintiff in federal court. The Commissioner of Social Security ("Defendant" or "Commissioner"), on the Court's orders, filed a response to the Motion on July 22, 2024.[1] For the reasons set forth below, Counsel's renewed motion for attorney's fees will be granted.

///

///

---

[1] Both parties consented to the jurisdiction of a magistrate judge for all proceedings in this action, in accordance with 28 U.S.C. § 636(c)(1). (Docs. 4, 6).

1

**Background**

On March 5, 2018, Plaintiff and Counsel entered into a contingency fee agreement. (Doc. 25-5). Relevant here, Plaintiff agreed to an attorney's fee equal to 25 percent of the past-due benefits awarded, pursuant to 42 U.S.C. § 406(b), or such amount as the Commissioner may designate under 42 U.S.C. § 406(a). *Id*.

On March 27, 2018, Plaintiff brought this action seeking judicial review of a final administrative decision denying Plaintiff's claim for disability insurance benefits and supplemental security income under the Social Security Act. (Doc. 1). On November 15, 2018, Plaintiff filed his opening brief. (Doc. 14). The Commissioner filed a responsive brief on December 13, 2018. (Doc. 15). Plaintiff filed a reply brief on December 21, 2018. (Doc. 16). Thereafter, the Court issued an order remanding the action pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. 17). The Court found the administrative law judge ("ALJ") erred because the evidence established that Plaintiff had "moderate limitations in concentrating, persisting, or maintaining pace," yet the ALJ did not provide the vocational experts with hypotheticals that accurately reflected those limitations. (Doc. 17 pp. 9-10). Thereafter, the Court issued an order on the parties' stipulation for payment of $6,107.67 in attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"). (Doc. 20).

On remand, an ALJ issued an adverse decision on June 29, 2020. (Doc. 25-2 p. 4). Plaintiff requested the Appeals Council to review that decision, and on October 27, 2022, the case was remanded again. *Id*. On September 19, 2024, a different ALJ issued a fully favorable decision finding Plaintiff disabled at all times since January 1, 2007. *Id*.

Counsel filed an initial motion for attorney's fees on April 19, 2024. (Doc. 21). The Court denied the initial motion without prejudice because the motion contained no evidence that Plaintiff was served or otherwise provided with a copy of the motion. (Doc. 24 p. 2). Further, the Court was unable to determine the reasonableness of the attorney's fees sought since the motion lacked documentation that established Plaintiff's past due benefits with certainty. In denying Counsels initial motion, the Court also ordered the Commissioner to file a statement of

opposition/non-opposition addressing the issues related to Plaintiff's cumulative total of past benefits owed, and the proper amount of withheld fees. *Id*. at 3.

On July 2, 2024, Counsel filed the pending motion for attorney's fees. (Doc. 25). The Motion included a certificate of proof of service reflecting that a copy of the Motion was mailed to Plaintiff's address on July 1, 2024. (Doc. 26). The Commissioner filed a response on July 22, 2024. (Doc. 29). The Commissioner's response stated that the $43,974.00 in attorney's fees requested does not exceed 25 percent of Plaintiff's total past-due benefits. *Id*. at 2-3. In addition, the Commissioner's response includes correspondence directed to Plaintiff indicating that Plaintiff will receive a check for $133,163.40 for benefits owed up to February 2024. (Doc. 29-1 at 1). The correspondence informed Plaintiff that $43,974.00 of his past-due benefits was withheld in order to pay Counsel. *Id*. This amount is consistent with the attorney's fees requested by Counsel in the Motion.

Pursuant to Local Rule 230(c), any opposition by Plaintiff to Counsel's motion was due within 14 days of service thereof. More than 14 days have passed and Plaintiff not filed any opposition or other filing.

**Standard of Review**

42 U.S.C.§ 406(b) provides in relevant part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may…certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

42 U.S.C.§ 406(b)(1)(A). In connection with a prevailing plaintiff's application for attorney's fees, the Commissioner typically does not act as an adversary, but "plays a part in the fee determination resembling that of a trustee for the claimants." *Gisbrecht v. Barnhart*, 535 U.S. 789, 798 n.6 (2002). Thus, "[b]ecause the [Commissioner] has no direct interest in how much of the award goes to a counsel and how much to the disabled person, the district court has an affirmative duty to assure that the reasonableness of the fee is established." *Crawford v. Astrue*,

586 F.3d 1142, 1149 (9th Cir. 2009); *see Gisbrecht*, 535 U.S. at 807-08 & n.17 (the 25% statutory maximum fee is not an automatic entitlement, and the court must ensure that the fee requested is reasonable).

When weighing the adequacy of a requested attorney's fees, the Court should respect "the primacy of lawful attorney-client fee agreements." *Gisbrecht,* 535 U.S. at 793. However, counsel still bears the burden of proving the requested fees are reasonable. *Id*. at 807. In determining reasonableness, the court may consider the experience of the attorney, the results achieved, and whether there is evidence the attorney artificially increased the hours worked or the hourly rate charged. *Id*. at 807-08; *Crawford*, 586 F.3d at 1151. Further, any 406(b) award is offset by attorney fees granted under the EAJA. *Parrish v. Comm'r of Soc. Sec. Admin.*, 698 F.3d 1215, 1219 (9th Cir. 2012).

**Discussion**

Here, Plaintiff was represented by experienced counsel and achieved a favorable result, namely a remand on the merits of his brief, and ultimately a substantial award of past-due benefits. (Docs. 14, 25-5). The undersigned has reviewed the docket in this matter and concludes there is no indication that Counsel engaged in dilatory conduct, excessive delay, or substandard performance. *See* (Docs. 23, 25-5).

Counsel's itemized invoice for services reflects 28.30 hours spent on tasks such as reviewing the administrative transcript and drafting appeal briefs for summary judgment, which the Court assesses is a reasonable amount of time for performance of those tasks. (Doc. 25-5). Counsel requests $43,974.60 in fees, resulting in an hourly rate of $1,553.87. Counsel argues that the de facto hourly rate of $1,553.87 is reasonable in light of other awards granted by district courts in the Ninth Circuit. (Doc. 25-2 pp. 8-9) citing *inter alia*, *Palos v. Colvin*, No. CV 15-04261-DTB, 2016 WL 5110243, at *2 (C.D. Cal. Sept. 20, 2016) (approving of de facto hourly rate of $1,546.39); *Villa v. Astrue*, No. CIV-S-06-0846 GGH, 2010 WL 118454, at *1-2 (E.D. Cal. Jan. 7, 2010) (approving of de facto $1,000 hourly rate and noting that "[r]educing § 406(b) fees after *Crawford* is a dicey business.").

Counsel's suggested hourly rate of $,1553.87 is within the upper boundaries of reasonableness. *See Langston v. Saul*, No. 1:18-cv-00273-SKO, 2020 WL 4501941, at *3 (E.D. Cal. Aug. 5, 2020) (finding effective hourly rate of $1,453.42 spent for 18.9 hours of attorney and paralegal hours appropriate); *cf. Coder v. Comm'r of Soc. Sec.*, No. 1:20-cv-00497-CDB, 2024 WL 1742026, at *3 (E.D. Cal. Apr. 23, 2024) (reducing de facto hourly rate of $3,532.87 to $1,500.00 per hour); *Biggerstaff v. Saul*, No. CV 15-853 JC, 2019 WL 4138015, at *3-5 (C.D. Cal. July 5, 2019), *aff'd* 840 Fed. App'x 69 (9th Cir. 2020) (reducing de facto combined attorney and paralegal rate of $2,136 for 19.2 hours spent to $1,400 per hour); *Ramon R. v. Saul*, No. ED CV 18-2369-E, 2021 WL 4805438, at *3 (C.D. Cal. June 3, 2021) (finding de facto hourly rate of $1,632.65 for 9.8 hours spent to be excessive and reducing it to $1,400 per hour); *Joseph S. v. Kijakazi*, No. CV 20-09138-DJM, 2023 WL 2628243, at *2 (C.D. Cal. Jan. 23, 2023) (reducing requested hourly rate of $2,000 for 11.9 hours of attorney time to $1,600 per hour for attorney time).

The Court has reviewed portions of the administrative record and assesses that Counsel's suggested hourly rate is reasonable. This case has a lengthy administrative record, which spans over 2,328 pages. (Doc. 7). Plaintiff's motion for summary judgment and reply briefs raised three legal issues and is seventeen pages. (Docs. 14, 16). The Court assesses that Counsel provided efficient service that, while at the upper boundaries of a reasonable fee at the time this case was decided, does not result in a windfall.

An award of Section 406(b) fees must be offset by any prior award of attorney's fees granted under the EAJA. 28 U.S.C. § 2412; *Gisbrecht*, 535 U.S. at 796. Here, Plaintiff's counsel has already been awarded EAJA fees in the amount of $6,107.67. (Doc. 20). Therefore, any Section 406(b) fees must be offset by $6,107.67 and refunded to Plaintiff.

**Conclusion and Order**

Accordingly, it is HEREBY ORDERED

1. Counsel for Plaintiff's renewed motion for award of attorney's fees pursuant to 42 U.S.C. § 406(b) (Doc. 25) is GRANTED;

2. The Commissioner shall certify a payment of a gross award in the amount of $43,974.00 to Young Bin Yim of Carles E. Binder & Harry J. Binder, LLP

3. The law offices of Charles E. Binder & Harry J. Binder, LLP, shall refund to Plaintiff Joe James Malta EAJA fees previously awarded in the amount of $6,107.67.

IT IS SO ORDERED.

Dated:  **August 1, 2024**             _____
                                       UNITED STATES MAGISTRATE JUDGE